Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to receive further evidence, rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence AFFIRMS in part and MODIFIES in part the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission finds as facts and concludes as matter of law the following which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. Defendants paid compensation to plaintiff from July 7, 1993 through September 23, 1993.
2. A Pre-Hearing Agreement dated October 27, 1994 is incorporated herein by reference. The documents attached to the agreement were stipulated into evidence.
3. All stipulations in the Form 21 and Form 26 agreements approved by the Industrial Commission are part of the record in this case.
***********************
The Full Commission adopts in part and modifies in part the findings of fact by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. As of July 6, 1993, plaintiff had been employed by defendant-employer for six days and was in training to become a preparation cook. She made coleslaw, carried cases of food and performed other tasks at the restaurant. On the date in question, she sustained a compensable injury when she reached up to get a case of french fries which was over her head and the case fell causing her to injure her upper back from sudden twisting.
2. Following the injury, plaintiff went to Dr. Thompson who prescribed medication, ice to the affected area and then heat. He subsequently ordered physical therapy. Plaintiff continued to complain of pain so she was referred to Dr. Lorenz at the Work Recovery Center. He diagnosed her condition as a thoracic and rhomboid muscular strain and ordered active physical therapy. On August 25 Dr. Thompson released plaintiff to return to work on a part-time basis with restrictions against lifting above shoulder level and lifting over ten pounds. Plaintiff's supervisor then advised her that she would be given a job sweeping, mopping and washing dishes. Plaintiff was very apprehensive about it and did not think she could do the job. Consequently, her physical therapist conferred with Dr. Lorenz's office which contacted her employer to explain the restrictions. Plaintiff's employer acknowledged the restrictions and expressed an intent to comply.
3. On August 27, 1993 plaintiff called her supervisor to say that she could not sweep, mop or wash dishes and that she thought it would be better to quit. Consequently, she quit her employment with defendant-employer. Plaintiff subsequently executed a Form 26 agreement stating that her weekly earning power had been reduced from $150.00 to $75.00 beginning August 27, 1993. Defendants, who had previously admitted liability for benefits under the Workers' Compensation Act for the injury, agreed to pay compensation to her at the rate of $50.00 per week for necessary weeks. This agreement was approved by the Industrial Commission on September 30, 1993. Although plaintiff has since contended that she could not return to work in the job offered by defendant-employer, pursuant to the Form 26 agreement she stipulated that effective August 27, 1993 she had an earning capacity of $75.00 per week. This was the amount she would have earned in the light duty job had she accepted it.
4. Defendant-employer intended to comply with the doctor's restrictions and would have made any necessary modifications in the job offered to plaintiff. Accordingly, Dr. Lorenz approved the position. Plaintiff made no effort to try it. Dr. Lorenz released her to full time work after two weeks. On September 15 he indicated that she could work with lifting restrictions of fifteen pounds frequently and twenty pounds overall for two months. He subsequently released her from his care on November 10, 1993 with no permanent partial impairment.
5. Defendant sent plaintiff to Dr. Dunaway, an orthopaedic surgeon, for evaluation on September 13, 1993. He ordered a bone scan to make certain that she had not sustained a compression fracture in the injury. Since it was negative, he was of the opinion that she had reached maximum medical improvement and could return to work at full duty.
6. Plaintiff continued to experience some low level discomfort in her upper back. After a minimal amount of job searching, she decided to stay at home beginning October, 1993 and baby-sit her niece's child at $25.00 per week, a rate she would only charge to family.
7. In January 1994 plaintiff began seeing Dr. Brown. He agreed that her condition had reached maximum medical improvement by that time and rated her with a 5% permanent partial impairment. Although he saw her periodically over the course of the next year, her condition remained essentially the same.
8. As a result of the injury by accident giving rise to this claim, plaintiff was totally unable to work from July 7, 1993 until August 27, 1993 and has been paid compensation during this period. At said time she became physically able to earn $75.00 per week in the light duty position offered by defendant-employer. Thereafter, plaintiff remained partially disabled and had reduced earning capacity from August 27, 1993 through the date she reached maximum medical improvement on January 18, 1994. More weight is accorded the opinion testimony of Dr. Brown on this issue that the opinion testimony of Dr. Lorenz and Dr. Dunaway.
9. Plaintiff reached maximum medical improvement on January 18, 1994 and sustained a 5% permanent partial disability to her back as a result of the injury giving rise to this claim.
10. Plaintiff has failed to prove that she made reasonable efforts to find suitable employment since she reached maximum medical improvement. Plaintiff is not entitled to disability compensation after January 18, 1994.
11. Plaintiff's average weekly wage at the time of injury was $150.00 per week.
******************
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. An agreement which has been approved by the Industrial Commission is as binding on the parties as an unappealed award of the Commission. G.S. § 97-17; Pruitt v. Knight PublishingCompany, 289 N.C. 254 (1976).
2. Plaintiff was entitled to compensation for temporary total disability from July 7, 1993 through August 26, 1993 and was entitled to compensation for temporary partial disability at the rate of $50.00 per week beginning August 27, 1993 and continuing until she reached maximum medical improvement on January 18, 1994. Defendant is entitled to a credit for any temporary total disability previously paid to plaintiff. G.S. § 97-29; G.S. § 97-30.
3. Plaintiff is entitled to compensation at the rate of $100.01 per week for 15 weeks for the 5% permanent partial disability to her back. G.S. § 97-31 (23).
4. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. G.S. § 97-2 (19); G.S. § 97-25.
********************
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Subject to attorney fees, defendant shall pay temporary total disability compensation to plaintiff at the rate of $100.01 per week from July 7, 1993 through August 26, 1993. Defendant shall receive a credit for any temporary total disability compensation paid to plaintiff during this period. Defendant shall pay to plaintiff temporary partial disability compensation at the rate of $50.00 per week from August 27, 1993 through January 18, 1994. Defendant shall receive a credit for any compensation paid to plaintiff during this period. This compensation has accrued and shall be paid in a lump sum, uncommuted.
2. Defendants shall pay compensation to plaintiff at the rate of $100.01 per week for 15 weeks for her 5% permanent partial disability. This compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident when bills for same have been submitted and approved through procedures adopted by the Commission.
4. An attorney's fee in the amount of 25% of the compensation awarded plaintiff is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid award and paid directly to plaintiff's attorney.
5. Defendants shall pay the costs due this Commission.
 S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING: S/ _________________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________________ DIANNE C. SELLERS COMMISSIONER
BSB:md